# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHEILA COLLOPY, ET., AL., <br><br> Plaintiff, <br><br> v. <br><br> EBAY, INC., ET. AL., <br><br> Defendant. | Case No.: <br><br> Judge: <br><br> Removed from State Court of Cuyahoga County Case No.: CV-22-966867 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Zep, Inc., ("Zep") hereby gives notice of and removes this action to the United States District Court for the Northern District of Ohio, Eastern Division. In support of the removal of this action, Zep states as follows:

**BACKGROUND AND BASIS FOR REMOVAL**

1. On or about August 2, 2022, Plaintiffs Sheila ("Mrs. Collopy") and Walter Collopy (jointly, "Plaintiffs") commenced this action in the Cuyahoga County Court of Common Pleas, captioned Sheila Collopy, et al vs eBay, Inc., et al., Case No.: CV-22-966867 (the "State Court Action"). Copies of all state court pleadings and filings, including the Complaint, are attached as Exhibit A.

2. Zep was served with the Complaint on August 8, 2022. Therefore, notice is timely filed in accordance with 28 U.S.C § 1446(b) as it is brought within thirty days of Zep's receipt of the initial pleading. *See* Exhibit A; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347, 119 S. Ct. 1322, 143 L.Ed.2d 448 (1999).

3. This personal injury/product liability action stems from a March 17, 2021, incident in which Mrs. Collopy was allegedly injured after she used a "Dr. Entre's Foot Peel Mask 2 Pack Lavender Scent Baby Soft Feel" ("foot peel") and then walked on the deck at her home, bare foot,

which had recently been coated in the All-in-1 Premium Pressuring Washing Concentrate, made by Zep and sold by Defendant Home Depot ("Home Depot"). *See* Complaint, ¶¶ 10-11; 28-30.

4. Plaintiffs allege the foot peel was manufactured by Dr. Entre., LLC, ("Entre") and sold by Defendant eBay, Inc., ("eBay"), and. *See* Complaint, ¶¶ 10- 13.

5. Plaintiffs' claims and alleged damages underlie an amount in controversy in excess of $75,000.00 as Plaintiffs allege they suffered damages in excess of $266,000 for medical expenses, amputation, and loss of consortium. *See* Complaint, ¶ 31; 28 U.S.C. § 1332(a).

6. Complete diversity exists between Plaintiffs and Defendants eBay, Entre, Zep, and Home Depot. *See* Complaint, ¶¶ 3-6.

7. In a calculated effort to defeat diversity jurisdiction, Plaintiffs joined their medical insurer, Medical Mutual of Ohio ("Medical Mutual") as a Defendant. Plaintiffs allege no claims against Medical Mutual. *See* Complaint ¶¶ 8-9.

8. Because Medical Mutual is domiciled in Ohio, its joinder as a Defendant in this case destroys complete diversity. *See* Complaint, ¶¶ 1-2, 7-9; 28 U.S.C. § 1332(a). However, if Plaintiffs' claims against Medical Mutual are severed, then complete diversity exists, and the action can be properly removed on diversity grounds. Fed. R. Civ. P. 19; Fed R. Civ. P. 21.

9. Because this is a civil action, if Plaintiffs' claims against Medical Mutual are severed, then this Court will have original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there will be complete diversity and the amount in controversy requirement is satisfied. 28 U.S.C. § 1332(a).

## SEVERABILITY OF NONDIVERSE PARTY

10. Upon information and belief, Mrs. Collopy is, and was at the time this lawsuit was filed, a citizen of Ohio. *See* Complaint, ¶ 1.

11. Upon information and belief, Plaintiff Walter Collopy is, and was at the time this lawsuit was filed, a citizen of Ohio. *See* Complaint, ¶ 2.

12. Upon information and belief, eBay, is, and was at the time this lawsuit was filed, incorporated in Delaware. *See* Complaint, ¶ 3. As such, eBay is a citizen for the purposes of this lawsuit of Delaware.

13. Upon information and belief, Entre is, and was at the time this lawsuit was filed, incorporated in Missouri. *See* Complaint, ¶ 4. As such, Entre is a citizen for the purposes of this lawsuit of Missouri.

14. Upon information and belief, Zep is, and was at the time this lawsuit was filed, incorporated in Delaware and maintains its principal place of business in Georgia. *See* Complaint, ¶ 5. As such, Zep is a citizen for the purposes of this lawsuit of Delaware and Georgia.

15. Upon information and belief, Home Depot is, and was at the time this lawsuit was filed, incorporated in Delaware and maintains its principal place of business in Georgia. *See* Complaint, ¶ 6. As such, Home Depot is a citizen for the purposes of this lawsuit of Delaware and Georgia.

16. Upon information and belief, Medical Mutual is, and was at the time this lawsuit was filed, a citizen of Ohio. *See* Complaint, ¶ 7.

17. There is complete diversity between Plaintiffs and all Defendants because the sole non-diverse Defendant, Medical Mutual, was fraudulently joined specifically to defeat diversity jurisdiction.

18. Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 431 (6th Cir. 2012); citing *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999); quoting *Triggs*

*v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

19. The Sixth Circuit has continually held that when a non-diverse party has been joined as a defendant and there is no basis for federal question jurisdiction, the removing defendant may avoid remand if it can demonstrate that the non-diverse party was fraudulently joined." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 431 (6th Cir. 2012); citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

20. In the Sixth Circuit, a defendant is fraudulently joined if it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . ." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 431 (6th Cir. 2012); citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citation omitted). The relevant inquiry before the court is whether there is "a colorable basis for predicting that a plaintiff may recover against [a defendant]." *Coyne*, 183 F.3d at 493.

21. Plaintiffs have no cause of action and cannot recover against Medical Mutual. Medical Mutual is Plaintiffs' medical insurer and has allegedly paid for some of Mrs. Collopy's medical care. While Medical Mutual may be an interested party in this action, it is not an indispensable party. Medical Mutual was joined solely to destroy diversity and to prevent removal.

   a. Plaintiffs have added Medical Mutual as a Defendant in these proceedings because of its potential subrogation right. *See* Complaint, ¶¶ 8-9, 33.

   b. Plaintiffs assert no claim against Medical Mutual and cannot recover against Medical Mutual. *See* Complaint, generally.

   c. Federal Rule of Civil Procedure 21 permits a district court to retain diversity jurisdiction over an action if a nondiverse party's presence is not required under

Federal Rule of Civil Procedure 19. (further citation omitted.) *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) ("[I]t is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); see also *Willacy v. Marotta,* No. 1:14 CV 1858, 2014 U.S. Dist. LEXIS 176231, 2014 WL 7338770, at *4 (N.D. Ohio Dec. 22, 2014).

d. The Sixth Circuit recognizes that a subrogee may recover whatever it is owed in a separate action with Plaintiffs because it is not an indispensable party under Federal Rule of Civil Procedure 19. *Bryant v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-CV-02214, 2021 U.S. Dist. LEXIS 1899, at *10 (N.D. Ohio Jan. 6, 2021) ("while partial subrogees are often considered necessary parties pursuant to Rule 19(a), they are not indispensable under Rule 19(b)." *see also Baker v. Minnesota Mining and Mfg. Co., Inc.*, 99 F. App'x 718, 723 (6th Cir. 2004) ("As a partial subrogee, the Special Fund is not an indispensable party: it can recover whatever it is owed in a separate action against plaintiffs Asher and Adams, if they prevail in this case."), (further citation omitted). Because Medical Mutual's Claim exists only because of its potential right to subrogation, it may be severed to permit removal by the other Defendants as it is not an indispensable party.

e. Additionally, Medical Mutual was fraudulently joined because Plaintiffs have no colorable cause of action against it. *See Roman v. Barlow*, No. 2:12-cv-00747, 2012 U.S. Dist. LEXIS 178650, at *7-8 (S.D. Ohio Dec. 18, 2012) (Where a Plaintiff joined its insurer because of its subrogation rights but had no colorable cause of action against it the court found fraudulent joinder.)

5

    f. Under Ohio Law, a claim may be severed on the basis of fraudulent joinder to permit removal on diversity grounds. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 431 (6th Cir. 2012).

    g. Under Ohio Law, a fraudulently joined insurer as a Defendant may be realigned as a Plaintiff when the party bringing suit has no claim against them besides asserting subrogation. *Roman v. Barlow,* No. 2:12-cv-00747, 2012 U.S. Dist. LEXIS 178650, at *5 (S.D. Ohio Dec. 18, 2012). Therefore, Medical Mutual may be either realigned as a Plaintiff to allow for removal, or be removed from the case for fraudulent joinder.

    h. Medical Mutual has been fraudulently joined because Plaintiffs cannot assert a colorable claim against it. Therefore, Medical Mutual may be severed by the court or it may be realigned by the court to allow removal on diversity grounds at the court's discretion. 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

22. This action involves a dispute in an amount in excess of $75,000. Plaintiffs are claiming to have incurred over $266,000 in past medical expenses, along with additional damages for an alleged amputation. *See* Complaint, ¶ 31. And, Plaintiffs are seeking both compensatory and punitive damages, plus costs and attorney's fees. *See Id.*

23. Accordingly, Plaintiffs seek to recover an award in excess of $75,000, exclusive of interests and costs, and the amount in controversy exceeds the jurisdictional minimum.

## VENUE AND PROCEDURAL REQUIREMENTS

24. The Court of Common Pleas, Cuyahoga County, Ohio is located within the Northern District of Ohio. Therefore, venue is proper under 28 U.S.C. § 1441(a).

25. Zep has already obtained the consent of Medical Mutual, the only Defendant who has so far entered an appearance in this action, to remove.

26. No other Defendant has entered an appearance in this action to date.

### NOTICE

27. Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal, and a copy of this notice is being filed with the Court of Common Pleas, Cuyahoga County, Ohio.

### JURY TRIAL

28. Plaintiffs demanded a jury trial in the state court action.

### STATE COURT PLEADINGS

29. A copy of all state Court pleadings and filings is attached as Exhibit A. The case is being removed from the Court of Common Pleas, Cuyahoga County, Ohio.

### NON-WAIVER OF DEFENSES

30. By removing this action, Defendants do not waive any defenses they may have to this action.

### CONCLUSION

WHEREFORE, Zep, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Court of Common Pleas, Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio.

Respectfully submitted,

/s/*Bradley J. Barmen*
Bradley J. Barmen (0076515)
Theresa A. Edwards (0090971)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
T. 216.344.9422/F. 216.344.9421
Brad.Barmen@lewisbrisbois.com
Tera.Edwards@lewisbrisbois.com
*Counsel for Defendants Zep, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify on this 6th day of September, 2022, a true and correct copy of the foregoing was sent via electronic mail to the following:

**Christian R. Patno**
**Colin R. Ray**
McCarthy, Lebit, Crystal & Liffman Co., L.P.A.
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114
*Counsel for Plaintiffs*

**Kelly C. Bokoch**
**Patrick A. Walsh**
Frantz Ward LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
*Counsel for Medical Mutual of Ohio*

**eBay, Inc.**
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware, 19801

**Dr. Entre, LLC**
819 S. Barberry Ct.
Nixa, Missouri, 65714-7630

**Home Depot, Inc.**
**Home Depot, U.S.A. Inc.**
50 West Broad Street, Suite 1330
Columbus, Ohio 43215

      /s/*Bradley J. Barmen*
      Bradley J. Barmen (0076515)
      Theresa A. Edwards (0090971)
      *Counsel for Defendant Zep, Inc.*