

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**August 2, 2022 12:40**

By: CHRISTIAN R. PATNO 0047380

Confirmation Nbr. 2616813

SHEILA COLLOPY, ET AL.                          CV 22 966867

vs.

EBAY, INC., ET AL.                          **Judge:**  HOLLIE L. GALLAGHER

**Pages Filed:**  9



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| SHEILA COLLOPY, | ) | Case No. |
| 5481 Knapp Road | ) | |
| Ravenna, Ohio 44266 | ) | |
| | ) | Judge |
| and | ) | |
| | ) | |
| WALTER COLLOPY | ) | **COMPLAINT** |
| 5481 Knapp Road | ) | |
| Ravenna, Ohio 44266 | ) | **(Trial by jury demanded)** |
| | ) | |
|                Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EBAY, INC. | ) | |
| c/o statutory agent The Corporation Trust | ) | |
| Company | ) | |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, Delaware, 19801 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DR.ENTRE, LLC | ) | |
| c/o statutory agent Kalob Rogers | ) | |
| 819 S. Barberry Ct | ) | |
| Nixa, Missouri, 65714-7630 | ) | |
| | ) | |
|      Also serve: Kalob Rogers | ) | |
|      3731 E. Mission Blvd | ) | |
|      Fayetteville, Arkansas, 72703 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ZEP, INC. | ) | |
| c/o statutory agent Registered Agent | ) | |
| Solutions, Inc. | ) | |
| 838 Walker Road Ste 21-2 | ) | |
| Dover, Delaware 19904 | ) | |
| | ) | |
|      Also serve: ZEP, INC. | ) | |
|      1310 Seaboard | ) | |
|      Atlanta, Georgia 30318 | ) | |

and )
)
)
HOME DEPOT U.S.A, INC. )
c/o statutory agent )
Corporation Service Company )
50 West Broad Street )
Suite 1330 )
Columbus, Ohio 43215 )
)
and )
)
THE HOME DEPOT, INC. )
c/o Statutory Agent Corporation Service )
Company )
50 West Broad Street )
Suite 1330 )
Columbus, Ohio 43215 )
)
and )
)
MEDICAL MUTUAL OF OHIO )
c/o statutory agent CT Corporation System )
4400 Easton Commons Way )
Suite 125 )
Columbus, Ohio 43219 )
)
   Also serve: MEDICAL MUTUAL OF )
   OHIO )
   2060 East Ninth Street )
   Cleveland, Ohio 44115 )
)
          Defendants. )
)

Now come Plaintiffs, Sheila and Walt Collopy, and for their claims for relief state as

follows:

1.      At all times material hereto, Plaintiff Sheila Collopy was/is an individual and a

resident of the City of Ravenna, County of Portage, and State of Ohio and was the natural wife of

Walter Collopy.

2.    At all times material hereto, Plaintiff Walter Collopy was/is an individual and a resident of the City of Ravenna, County of Portage, and State of Ohio and was the natural husband of Sheila Collopy.

3.    At all times material hereto, Defendant Ebay, Inc. was/is a corporation organized under the laws of the State of Delaware and/or another state and regularly conducted business in the County of Cuyahoga and State of Ohio, including sales, supply, and/or distribution of the Dr. Entre's Foot Peel Mask 2 Pack Lavender Scent Baby Soft Feel" ("Foot Peel")  in issue and/or similar products and was a seller, distributor and/or supplier of the Foot Peel at bar.

4.    At all times material hereto, Defendant Dr. Entre LLC was/is a corporation organized under the laws of the State of Missouri and/or another state that maintains its principal place of business and was/is headquartered in the State of Missouri. It regularly conducts business in the County of Cuyahoga and State of Ohio and was a supplier of the Foot Peel at bar.

5.    At all times material hereto, Defendant Zep, Inc. was/is a corporation organized under the laws of the State of Delaware and/or another state, headquartered in the State of Georgia, and regularly conducted business in the County of Cuyahoga and State of Ohio, including sales and/or supply of the product in issue and/or similar products and was a manufacturer, distributor and/or supplier of the "All-in-1 Premium Pressure Washing Concentrate" ("Zep Concentrate") at bar.

6.    At all times material hereto, Defendants The Home Depot Inc., and The Home Depot USA, Inc. were/are corporations organized under the laws of the State of Delaware and/or another state, headquartered in the State of Georgia, and regularly conducted business in the County of Cuyahoga and State of Ohio, including sales and/or supply of the product in issue and/or similar products and was a distributor, seller, and/or supplier of the "All-in-1 Premium Pressure

Washing Concentrate" ("Zep Concentrate") at bar. Such Zep Concentrate was sold to Walter and/or Sheila Collopy at the Streetsboro, Ohio Home Depot location, store number 3859.

7.     At all times material hereto, Defendant Medical Mutual of Ohio was/is a contractual health insurance provider to Plaintiffs and paid some of the medical bills directly and proximately resulting from the acts and/or omissions of other Defendants herein in Cuyahoga County, Ohio, and has sought reimbursement from Plaintiffs in Cuyahoga County, Ohio.

8.     Federal diversity jurisdiction does not exist herein as at least one Defendant, to wit, Defendant Medical Mutual of Ohio, resides in Cuyahoga County, Ohio.

9.     Venue is proper within Cuyahoga County as at least one Defendant, to wit, Defendant Medical Mutual of Ohio, resides in Cuyahoga County, Ohio.

10.     Prior to March 17, 2021, Walt and/or Sheila purchased a "Dr. Entre's Foot Peel Mask 2 Pack Lavender Scent Baby Soft Feel" ("Foot Peel") product through Defendant Ebay, Inc.

11.     The Collopys also purchased and used "All-in-1 Premium Pressure Washing Concentrate" ("Zep Concentrate") from Home Depot Defendants.

12.     Specifically and upon information and belief, Defendant Ebay, Inc. took the following actions in controlling and guiding the Collopys to the Foot Peel:

- Creating and hosting a website with intent to bring products to the American and Ohio markets without fully vetting such products for safety purposes;
- Contracting with Defendant Dr. Entre, LLC to provide many services related to the purchase of the Foot Peel;
- Storing, warehousing, and handling the Foot Peel;
- Maintaining and applying customer data on the Collopys in order to not only predict what they would purchase, but to guide their movements on its website in order to profit for itself;
- Using algorithms found relevant and inquired about by Ohio courts, collected data, hosted customer reviews and controlled the content of such reviews in order to facilitate and encourage sales of products without fully investigating complaints of danger caused by the Foot Peel;

- Completely controlled the conditions of the offer for sale of the Foot Peel to the Collopys including by influencing the price, promotion, and distribution of the Foot Peel using its algorithms and/or other processes;
- Restricted the communication and access of customer data between Dr. Entre LLC and the Collopys such that there was no meaningful communication at all between such parties, to the extent that Defendant Dr. Entre, LLC did not become aware that a sale of a product had occurred until long after the sale had been completed and to the extent that in substance Amazon was the seller;
- Collected the entire purchase price of the Foot Peel from the Collopys;
- Held all purchase funds such that Dr. Entre, LLC could not access any portion of such funds even after the sale of the Foot Peel to the Collopys pursuant to agreement or otherwise;
- "Otherwise participated" in bringing the Foot Peel to market including to Ohio and the Collopys as such terms are defined within the OPLA.

13. Such Foot Peel was manufactured by Defendant Dr. Entre, LLC and was distributed and sold by it and/or Defendants Dr. Entre LLC and/or Ebay, Inc.

14. All Defendants herein intentionally availed themselves of North American markets and, in particular, the market of the State of Ohio and Counties of Cuyahoga and Portage.

15. Defendants Ebay, Inc. and Dr. Entre, LLC are liable in damages herein to Plaintiff due to careless, negligent, willful, reckless, and/or wanton violation of Ohio's product liability laws as manufacturers, designers and/or suppliers of the defective and dangerous Foot Peel since the design, formulation, distribution, manufacturing, supply, production, construction, labeling, creation, marketing, assembly, modification, rebuilding, testing, warranting, warnings, instructions, lack of instructions, directly caused the severe and permanent injuries set forth herein to Plaintiff's feet on March 17, 2021.

16. Defendants aforementioned are also liable as the defective and dangerous Foot Peel was also defective due to inadequate warning and/or instruction since the manufacturer, supplier,

and/or distributor knew or should have known of the risks posed to Plaintiff set forth above and failed to provide warning and/or instruction that a manufacturer, supplier, and/or distributor, exercising reasonable care would have provided concerning these risks in light of the likelihood of the defective Foot Peel would cause harm of the type Plaintiffs sustained herein.

17.     The Foot Peel was also defective due to inadequate post-marketing warning and/or instruction since their manufacturers, suppliers, and/or distributors knew or should have known of the risks posed to Plaintiff herein that a manufacturer, supplier, and/or distributor exercising reasonable care would have provided in light of the likelihood of the defective Foot Peel would cause the type of harm Plaintiffs sustained herein.

18.     Defendants Zep, Inc., Home Depot U.S.A., Inc, and Home Depot, Inc. are liable in damages herein to Plaintiffs due to careless, negligent, willful, reckless, and/or wanton violation of Ohio's product liability laws as manufacturers, designers, distributors, sellers, and/or suppliers of the defective and dangerous Zep Concentrate since the design, formulation, distribution, manufacturing, supply, production, construction, labeling, creation, marketing, assembly, modification, rebuilding, testing, warranting, warnings, instructions, lack of instructions of such product, directly caused and/or contributed to the severe and permanent injuries set forth herein to Plaintiff's feet on March 17, 2021.

19.     Defendants Zep, Inc., Home Depot U.S.A., Inc, and Home Depot, Inc. aforementioned are also liable as the defective and dangerous Zep Concentrate was also defective due to inadequate warning and/or instruction since the manufacturer, supplier, and/or distributor knew or should have known of the risks posed to Plaintiffs set forth above and failed to provide warning and/or instruction that a manufacturer, supplier, and/or distributor exercising reasonable

care would have provided concerning these risks in light of the likelihood of the defective Zep Concentrate would cause harm of the type Plaintiffs sustained herein.

20.     The Zep Concentrate was also defective due to inadequate post-marketing warning and/or instruction since their manufacturers, suppliers, and/or distributors knew or should have known of the risks posed to Plaintiff herein that a manufacturer, supplier, and/or distributor exercising reasonable care would have provided in light of the likelihood of the defective Zep Concentrate would cause the type of harm Plaintiffs sustained herein.

21.     Defendants Ebay Inc., Dr. Entre LLC, Home Depot U.S.A., Inc, and Home Depot, Inc.  are otherwise negligent as suppliers of the Foot Peel and Zep Concentrate as they were or should have been aware of the dangers of such product but nevertheless continued to offer it for sale and profit from such sales.

22.     Alternatively, Defendants herein are also liable to Plaintiff herein as negligent suppliers of the defective Foot Peel and Zep Concentrate or their component ingredients as if they were the manufacturer since some Defendant manufacturers in issue may not be subject to judicial process within the State of Ohio.

23.     The risks presented by the Foot Peel & the Zep Concentrate were not such risks as would be recognized by ordinary members of the community.

24.     Plaintiffs hereby request Defendants Dr. Entre, LLC and Ebay, Inc. provide in writing the name(s) of all manufacturer(s) of the Foot Peel pursuant to R.C. 2307.78.

25.     Defendants' conduct mentioned herein was highly likely to, and had a great probability to cause substantial harm and severe injury to Foot Peel users including Plaintiff, and did in fact cause such substantial and permanent harm and injury to Plaintiff.

Electronically Filed 08/02/2022 12:40 / / CV 22 966867 / Confirmation Nbr. 2616813 / CLJSZ

26.     Additionally, pursuant to R.C. 1302.01 *et seq.*, Defendants Ebay, Inc., Dr. Entre, LLC, and/or Home Depot Defendants were "merchants" who participated in transactions, to wit, selling the Foot Peel and the Zep Concentrate to the Collopys.

27.     Such products did not meet the warranty in R.C. 1302.27 and no such warranty was effectively disclaimed pursuant to R.C. 1302.29 or other law for either the Foot Peel or the Zep Concentrate.

28.     Plaintiff Walter Collopy purchased and used the Zep Concentrate to pressure wash the Plaintiff Collopys deck prior to March 17, 2021 and rinsed the deck after use in accordance with the instructions on the packaging.

29.     Following the pressure washing of the deck, Plaintiff Sheila Collopy applied and used the Foot Peel in accordance with the instructions on the packaging.

30.     Sheila then walked barefoot across the deck and surrounding area that had previously been power washed while replacing outdoor furniture, resulting in severe burns and injury to her feet.

31.     As a direct and proximate result of Defendants' negligence, recklessness, willfulness, and/or wantonness aforementioned and their violation of Ohio product liability laws, as well as violations of Ohio statutes, Plaintiff Sheila Collopy was caused to incur severe and permanent physical and mental injury, severe physical and mental pain and suffering, skin grafts, wound care, antibiotic complication and side effect, burns, scarring, hospital, medical, nursing, medical transport, amputation, and surgical expense in excess of $266,000 as well as future medical expenses.

32.     As a further direct and proximate result of Defendants' conduct aforementioned, Plaintiff Walt Collopy has lost the care, comfort, and consortium of his wife, Shelia Collopy.

WHEREFORE, Plaintiffs Sheila and Walt Collopy demand compensatory and punitive damages against Defendant Ebay, Inc., Defendant Dr. Entre, LLC, Defendant Zep, Inc., Defendant Home Depot U.S.A., Inc, and Defendant Home Depot, Inc. both jointly and severally, in an amount in excess of $25,000, together with costs, interest, and attorney fees herein taxed. Plaintiffs also request this Honorable Court declare the rights and responsibilities of Defendant Medical Mutual of Ohio with regard to subrogation.

Respectfully submitted,

*/s/ Christian R. Patno*
CHRISTIAN R. PATNO (0047380)
COLIN R. RAY (0090851)
McCARTHY, LEBIT, CRYSTAL
& LIFFMAN CO., L.P.A.
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio  44114
(216) 696-1422; (216) 696-1210 - Fax
*crp@mccarthylebit.com*
*crr@mccarthylebit.com*
*Attorneys for Plaintiffs Sheila and Walt Collopy*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury comprised of the maximum number of jurors allowed by law.

*/s/ Christian R. Patno*
Christian R. Patno
Colin R. Ray

Electronically Filed 08/02/2022 12:40 / / CV 22 966867 / Confirmation Nbr. 2616813 / CLJSZ

### THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHEILA COLLOPY, ET AL.
**Plaintiff**

V.

EBAY, INC., ET AL.
**Defendant**

**CASE NO.** CV22966867

**JUDGE** HOLLIE L GALLAGHER

# SUMMONS SUMC CM

Notice ID: 48229538



| From: | SHEILA COLLOPY | P1 |
| | 5481 KNAPP ROAD | |
| | RAVENNA OH 44266 | |

| Atty.: | CHRISTIAN R PATNO |
| | 1111 SUPERIOR AVENUE EAST |
| | SUITE 2700 |
| | CLEVELAND, OH 44114-0000 |

| To: | EBAY, INC. | D1 |
| | C/O STATUTORY AGENT THE CORPORATION | |
| | TRUST COMPANY | |
| | CORPORATION TRUST CENTER | |
| | 1209 ORANGE STREET | |
| | WILMINGTON DE 19801 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the Answer (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 08/02/2022

By_____
**Deputy**

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHEILA COLLOPY, ET AL.
**Plaintiff**

V.

EBAY, INC., ET AL.
**Defendant**

**CASE NO.** CV22966867

**JUDGE** HOLLIE L GALLAGHER

# SUMMONS   SUMC  CM

Notice ID:  48229540



| From: | SHEILA COLLOPY | P1 |
| | 5481 KNAPP ROAD | |
| | RAVENNA OH 44266 | |

| Atty.: | CHRISTIAN R PATNO |
| | 1111 SUPERIOR AVENUE EAST |
| | SUITE 2700 |
| | CLEVELAND, OH 44114-0000 |

| To: | DR. ENTRE, LLC | D2 |
| | ALSO SERVE: KALOB ROGERS | |
| | 3731 E. MISSION BLVD | |
| | FAYETTEVILLE AR 72703-0000 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 08/02/2022

By_____
Deputy

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>SHEILA COLLOPY, ET AL.</u>
**Plaintiff**

V.

<u>EBAY, INC., ET AL.</u>
**Defendant**

**CASE NO.** CV22966867

**JUDGE** HOLLIE L GALLAGHER

# SUMMONS SUMC CM

**Notice ID:** 48229540



| From: | SHEILA COLLOPY | P1 |
|---|---|---|
| | 5481 KNAPP ROAD | |
| | RAVENNA OH 44266 | |

| Atty.: | CHRISTIAN R PATNO |
|---|---|
| | 1111 SUPERIOR AVENUE EAST |
| | SUITE 2700 |
| | CLEVELAND, OH 44114-0000 |

| To: | DR. ENTRE, LLC | D2 |
|---|---|---|
| | ALSO SERVE: KALOB ROGERS | |
| | 3731 E. MISSION BLVD | |
| | FAYETTEVILLE AR 72703-0000 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>08/02/2022</u>

By_____
                                                          Deputy

CMSN130

### THE COURT OF COMMON PLEAS, CIVIL DIVISION
### CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>SHEILA COLLOPY, ET AL.</u>
**Plaintiff**

V.

<u>EBAY, INC., ET AL.</u>
**Defendant**

**CASE NO.** CV22966867

**JUDGE** HOLLIE L GALLAGHER

# SUMMONS  SUMC  CM

Notice ID:  48229539

| From: | SHEILA COLLOPY | P1 |
| | 5481 KNAPP ROAD | |
| | RAVENNA OH 44266 | |

| Atty.: | CHRISTIAN R PATNO |
| | 1111 SUPERIOR AVENUE EAST |
| | SUITE 2700 |
| | CLEVELAND, OH 44114-0000 |

| To: | DR. ENTRE, LLC | D2 |
| | C/O STATUTORY AGENT KALOB ROGERS | |
| | 819 S. BARBERRY COURT | |
| | NIXA MO 65714 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By_____
Deputy

**Date Sent:** <u>08/02/2022</u>

CMSN130

### THE COURT OF COMMON PLEAS, CIVIL DIVISION
### CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHEILA COLLOPY, ET AL.
**Plaintiff**

V.

EBAY, INC., ET AL.
**Defendant**

**CASE NO.** CV22966867

**JUDGE** HOLLIE L GALLAGHER

# SUMMONS SUMC CM

**Notice ID:** 48229541



| From: | SHEILA COLLOPY | P1 |
| | 5481 KNAPP ROAD | |
| | RAVENNA OH 44266 | |

| Atty.: | CHRISTIAN R PATNO |
| | 1111 SUPERIOR AVENUE EAST |
| | SUITE 2700 |
| | CLEVELAND, OH 44114-0000 |

| To: | ZEP, INC. | D3 |
| | C/O REGISTERED AGENT SOLUTIONS INC | |
| | 838 WALKER ROAD, SUITE 21-2 | |
| | DOVER DE 19904 | |

#### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 08/02/2022

By_____
**Deputy**

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHEILA COLLOPY, ET AL.
**Plaintiff**

V.

EBAY, INC., ET AL.
**Defendant**

**CASE NO.** CV22966867

**JUDGE** HOLLIE L GALLAGHER

# SUMMONS   SUMC  CM

Notice ID: 48229542

| From: | SHEILA COLLOPY      P1 |
|       | 5481 KNAPP ROAD |
|       | RAVENNA OH 44266 |

| Atty.: | CHRISTIAN R PATNO |
|        | 1111 SUPERIOR AVENUE EAST |
|        | SUITE 2700 |
|        | CLEVELAND, OH 44114-0000 |

| To: | ZEP, INC.      D3 |
|     | ALSO SERVE: ZEP, INC. |
|     | 1310 SEABOARD |
|     | ATLANTA GA 30318-0000 |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 08/02/2022

By_____
                              **Deputy**

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHEILA COLLOPY, ET AL.
**Plaintiff**

V.

EBAY, INC., ET AL.
**Defendant**

**CASE NO.**  CV22966867

**JUDGE**  HOLLIE L GALLAGHER

# SUMMONS    SUMC  CM

Notice ID:  48229543



| From: | SHEILA COLLOPY | P1 |
| | 5481 KNAPP ROAD | |
| | RAVENNA OH 44266 | |

| Atty.: | CHRISTIAN R PATNO |
| | 1111 SUPERIOR AVENUE EAST |
| | SUITE 2700 |
| | CLEVELAND, OH 44114-0000 |

| To: | HOME DEPOT U.S.A., INC. | D4 |
| | C/O STATUTORY AGENT CORPORATION | |
| | SERVICE COMPANY | |
| | 50 WEST BROAD STREET | |
| | SUITE 1330 | |
| | COLUMBUS OH 43215 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 08/02/2022

**By**_____
**Deputy**

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHEILA COLLOPY, ET AL.
**Plaintiff**

V.

EBAY, INC., ET AL.
**Defendant**

**CASE NO.** CV22966867

**JUDGE** HOLLIE L GALLAGHER

# SUMMONS  SUMC CM

**Notice ID:** 48229544



| From: | SHEILA COLLOPY | P1 |
| | 5481 KNAPP ROAD | |
| | RAVENNA OH 44266 | |

| Atty.: | CHRISTIAN R PATNO |
| | 1111 SUPERIOR AVENUE EAST |
| | SUITE 2700 |
| | CLEVELAND, OH 44114-0000 |

| To: | THE HOME DEPOT, INC. | D5 |
| | C/O STATUTORY AGENT CORPORATION | |
| | SERVICE COMPANY | |
| | 50 WEST BROAD STREET | |
| | SUITE 1330 | |
| | COLUMBUS OH 43215 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 08/02/2022

**By**_____
**Deputy**

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>SHEILA COLLOPY, ET AL.</u>
**Plaintiff**

V.

<u>EBAY, INC., ET AL.</u>
**Defendant**

**CASE NO.** CV22966867

**JUDGE** HOLLIE L GALLAGHER

# SUMMONS  SUMC  CM

Notice ID:  48229545

| From: | SHEILA COLLOPY | P1 |
| | 5481 KNAPP ROAD | |
| | RAVENNA OH 44266 | |

| Atty.: | CHRISTIAN R PATNO |
| | 1111 SUPERIOR AVENUE EAST |
| | SUITE 2700 |
| | CLEVELAND, OH 44114-0000 |

| To: | MEDICAL MUTUAL OF OHIO | D6 |
| | C/O STAT AGT CT CORPORATION SYSTEM | |
| | 4400 EASTON COMMONS WAY, SUITE 125 | |
| | COLUMBUS OH 43219 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>08/02/2022</u>

By_____
**Deputy**

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

SHEILA COLLOPY, ET AL.
**Plaintiff**

V.

EBAY, INC., ET AL.
**Defendant**

**CASE NO.** CV22966867

**JUDGE** HOLLIE L GALLAGHER

# SUMMONS  SUMC  CM

Notice ID:  48229546



| From: | SHEILA COLLOPY | P1 |
| | 5481 KNAPP ROAD | |
| | RAVENNA OH 44266 | |

| Atty.: | CHRISTIAN R PATNO |
| | 1111 SUPERIOR AVENUE EAST |
| | SUITE 2700 |
| | CLEVELAND, OH 44114-0000 |

| To: | MEDICAL MUTUAL OF OHIO | D6 |
| | ALSO SERVE: MEDICAL MUTUAL OF OHIO | |
| | 2060 EAST NINTH STREET | |
| | CLEVELAND OH 44115-0000 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 08/02/2022

By_____
Deputy

CMSN130

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

SHEILA COLLOPY et al,

           Plaintiff,

    v.

EBAY, INC., *et al.*,

           Defendants.

)
)
)
)
)
)
)
)
)
)

CASE NO. CV-22-966867

JUDGE HOLLIE GALLAGHER

**PLAINTIFFS' NOTICE OF PROOF
OF SERVICE**

Now come Plaintiffs, by and through undersigned counsel, and hereby file proof of service via waiver pursuant to Civ.R. 4.7 and 4.7(E). Defendant Ebay Inc. has received and returned signed waiver of service. A copy of such waiver is attached hereto as Exhibit 1.

Respectfully submitted,

*/s/ Colin R. Ray*
Christian R. Patno, Esq. (0047380)
Colin R. Ray, Esq. (0090851)
McCarthy, Lebit, Crystal & Liffman Co., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, OH 44114
(216) 696-1422 / (216) 696-1210
crp@mccarthylebit.com / crr@mccarthylebit.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The following was provided to all counsel of record this 30th day of August, 2022:

*/s/ Colin R. Ray*

Christian R. Patno
Colin R. Ray

**Waive Service of Summons**

TO: Colin R. Ray, Esq.
McCarthy, Lebit, Crystal & Liffman Co., LPA
1111 Superior Avenue East, Suite 2700
Cleveland, Ohio 44114

RE:    *Sheila Collopy, et al. V. Ebay, Inc., et al.*
       **Cuyahoga County Common Pleas Case No, CV-22-966867**

   I have received your to request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _August 1, 2022_ the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment could be entered against me or the entity I represent.

Date:   8/29/2022

Signature:

Ebay, Inc. and/or duly authorized representative of Ebay, Inc.

Print Name:   Lori Chang

Address:   1840 Century Park East, #1900, Los Angeles, CA 90067

Email address:   changl@gtlaw.com

Telephone number:   310-586-7700



{01731844-1}



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**ANSWER, CROSSCLAIM & COUNTERCLAIM $150**
**September 1, 2022 14:47**

By: KELLY BOKOCH 0086525

Confirmation Nbr. 2642177

SHEILA COLLOPY, ET AL.                         CV 22 966867

      vs.

EBAY, INC., ET AL.                  **Judge:**  HOLLIE L. GALLAGHER

**Pages Filed:**  9

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| SHEILA COLLOPY, et al., | ) | CASE NO: CV-22-966867 |
| | ) | |
| Plaintiffs, | ) | JUDGE HOLLIE L. GALLAGHER |
| v. | ) | |
| | ) | |
| EBAY, Inc., et al., | ) | **MEDICAL MUTUAL OF OHIO'S** |
| | ) | **ANSWER, COUNTERCLAIM AND** |
| Defendants. | ) | **CROSSCLAIM** |
| | ) | |

For its Answer to the Plaintiff Sheila Collopy and Walter Collopy's Complaint, Defendant Medical Mutual of Ohio ("Medical Mutual") admits, denies, alleges, and avers as follows:

### FIRST DEFENSE

1.     Medical Mutual denies the allegations contained in paragraph 1 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

2.     Medical Mutual denies the allegations contained in paragraph 2 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

3.     Medical Mutual denies the allegations contained in paragraph 3 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

4.     Medical Mutual denies the allegations contained in paragraph 4 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

5.     Medical Mutual denies the allegations contained in paragraph 5 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

6.     Medical Mutual denies the allegations contained in paragraph 6 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

7.      Medical Mutual denies the allegations contained in paragraph 7 of the Complaint except to admit that it is an Ohio corporation licensed to do business and licensed as a health insurer in the State of Ohio. Further averring, Medical Mutual currently serves as a claims administrator for a self-funded ERISA health benefits plan, sponsored and maintained by Bricklayers & Masons Local Union No. 5 H&W Fund in which Plaintiff Sheila Collopy is or was a participant (the "Plan"). Medical Mutual has or will have paid medical benefits on behalf of Plaintiff Sheila Collopy in regard to the claims advanced by Plaintiffs in this lawsuit.

8.      Medical Mutual denies the allegations contained in paragraph 8 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

9.      Medical Mutual admits that its principal place of business is in Cuyahoga County, Ohio but denies the remaining allegations for lack of knowledge sufficient to form a belief as to their truth.

10.     Medical Mutual denies the allegations contained in paragraph 10 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

11.     Medical Mutual denies the allegations contained in paragraph 11 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

12.     Medical Mutual denies the allegations contained in paragraph 12 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

13.     Medical Mutual denies the allegations contained in paragraph 13 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

14.     Medical Mutual denies the allegations contained in paragraph 14 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

15.     Medical Mutual denies the allegations contained in paragraph 15 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

16.     Medical Mutual denies the allegations contained in paragraph 16 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

17.     Medical Mutual denies the allegations contained in paragraph 17 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

18.     Medical Mutual denies the allegations contained in paragraph 18 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

19.     Medical Mutual denies the allegations contained in paragraph 19 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

20.     Medical Mutual denies the allegations contained in paragraph 20 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

21.     Medical Mutual denies the allegations contained in paragraph 21 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

22.     Medical Mutual denies the allegations contained in paragraph 22 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

23.     Medical Mutual denies the allegations contained in paragraph 23 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

24.     Medical Mutual denies the allegations contained in paragraph 24 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.5

25.     Medical Mutual denies the allegations contained in paragraph 2 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

26.     Medical Mutual denies the allegations contained in paragraph 26 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

27.     Medical Mutual denies the allegations contained in paragraph 27 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

28.     Medical Mutual denies the allegations contained in paragraph 28 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

29.     Medical Mutual denies the allegations contained in paragraph 29 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

30.     Medical Mutual denies the allegations contained in paragraph 30 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

31.     Medical Mutual denies the allegations contained in paragraph 31 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

32.     Medical Mutual denies the allegations contained in paragraph 32 of the Complaint because it lacks knowledge and information sufficient to form a belief as to their truth.

## SECOND DEFENSE

33.     The Complaint fails to state a claim upon which relief may be granted against Medical Mutual.

## THIRD DEFENSE

34.     Pursuant to the express terms of the Plan and/or the Medical Health Care Benefit Book which Plaintiff has received health benefits from the self-funded ERISA health plan, Medical Mutual has contractual subrogation and reimbursement rights on behalf of the self-funded ERISA health plan and is entitled to subrogation and/or reimbursement from Plaintiffs for any and all money Plaintiffs recover from any party for medical expenses Medical Mutual

paid on behalf of the self-funded ERISA health plan for medical expenses incurred by Plaintiff

Sheila Collopy for her care and treatment. Such rights are first in priority and are not to be

diminished or reduced by the claim or entitlement to all or a portion of Plaintiffs' recovery,

including recovery by any other insurer or the entitlement to attorneys' fees by Plaintiffs'

counsel.

## FOURTH DEFENSE

35.    Medical Mutual's subrogation and reimbursement are not barred by, limited by,

or subject to any legal or equitable doctrines such as the "Make Whole" rule, but virtue of such

doctrines being preempted by ERISA or other applicable federal law and/or such doctrines being

an unconstitutional impairment of contracts.

**WHEREFORE**, having fully answered the Complaint herein, Defendant Medical

Mutual prays that judgment be granted in Medical Mutual's favor for the recovery from Plaintiff

of all medical expenses paid on behalf of Plaintiff Sheila Collopy.

## COUNTERCLAIM AGAINST PLAINTIFFS

For its counterclaim against Plaintiffs, Medical Mutual alleges and avers as follows:

### Subrogation/Reimbursement from Plaintiff

36.    Medical Mutual incorporates as if fully rewritten herein paragraphs 1 through 35

of its Answer to Plaintiffs' Complaint.

37.    Medical Mutual is and was at all times relevant hereto a company doing business

in the state of Ohio, operating out of Cleveland, Cuyahoga County, Ohio.

38.    Medical Mutual currently serves as a claims administrator for a self-funded

ERISA health benefits plan, sponsored and maintained by Bricklayers & Masons Local Union

No. 5 H&W Fund in which Plaintiff Sheila Collopy is or was a participant (the "Plan"). Medical

Mutual has or will have paid medical benefits on behalf of Plaintiff Sheila Collopy in regard to the claims advanced by Plaintiffs in this lawsuit.

39.     At all times relevant to Plaintiffs' Complaint, Plaintiff Sheila Collopy received health benefits from Medical Mutual pursuant to the express terms of the Plan in which she is or was a participant pursuant to the Medical Health Care Benefit Book for health benefits issued to Plaintiff Sheila Collopy.

40.     Medical Mutual processed and paid, on behalf of the Plan, certain medical bills incurred by Plaintiff Sheila Collopy that were submitted to Medical Mutual by her or on her behalf for medical expenses incurred for the care and treatment of Plaintiff Sheila Collopy.

41.     Pursuant to the express terms of the Plan and/or the Medical Health Care Benefit Book, Medical Mutual has, on behalf of the Plan, contractual subrogation and reimbursement rights and is entitled to subrogation and/or reimbursement from Plaintiffs for any and all moneys Plaintiffs recover from any party, for medical expenses Medical Mutual paid on behalf of Plaintiff or will pay in the future.

42.     The entitlement to subrogation and/or reimbursement is primary and of first priority, prior to any deduction for attorney fees and/or expenses or payments to any other insurer. Medical Mutual is entitled to full and complete recovery of monies paid, whether or not Plaintiff is made whole.

43.     Any statutory or other limitation or restriction of the subrogation and/or reimbursement rights set forth in the Plan are unconstitutional, preempted by federal law and/or ERISA, or otherwise ineffective or inapplicable.

**WHEREFORE**, Defendant Medical Mutual prays that judgment be granted in its favor and against Plaintiffs for the recovery of all medical expenses paid on behalf of Plaintiff Sheila Collopy.

## CROSSCLAIM AGAINST DEFENDANTS EBAY, INC., DR. ENTRE, LLC, ZEP, INC., HOME DEPOT U.S.A., INC. AND THE HOME DEPOT, INC.

For its crossclaim against Defendants Ebay, Inc., Dr. Entre, LLC, Zep, Inc., Home Depot U.S.A., Inc. and The Home Depot, Inc. (collectively, "Defendants"), Medical Mutual alleges and avers as follows:

44.     Medical Mutual incorporates as if fully rewritten herein paragraphs 1 through 43 of its Answer to Plaintiffs' Complaint and Counterclaim.

45.     Plaintiffs have advanced these various claims against Defendants, and if Plaintiffs are entitled to recover monies in connection with medical expenses incurred for the care and treatment of Plaintiff Sheila Collopy, Medical Mutual is also entitled to recovery under the express terms of the self-funded ERISA health plan and/or the Medical Health Care Benefit Book.

46.     Medical Mutual processed and paid certain medical bills incurred by Plaintiff Sheila Collopy that were submitted to Medical Mutual by Plaintiff or on her behalf.

47.     Pursuant to the express terms of the self-funded ERISA health plan and/or Medical Health Care Benefit Book, Medical Mutual of Ohio has on behalf of the self-funded health plan, contractual subrogation and reimbursement rights and is entitled to subrogation and/or reimbursement from Plaintiffs for any and all moneys Plaintiffs recover from any party, for medical expenses Medical Mutual paid on behalf of Plaintiff Sheila Collopy, or will pay in the future.

48.     The entitlement to subrogation and/or reimbursement is primary and of first priority, prior to any deduction for attorney fees and/or expenses.  Medical Mutual is entitled to

full and complete recovery of moneys paid, whether or not Plaintiffs are made whole. Medical

Mutual may prosecute this action against, and recover from, Defendants, the parties causing the

injuries or liable for the injuries, to the extent of the amount paid pursuant to the self-funded

ERISA health plan and/or the Medical Health Care Benefit Book.

**WHEREFORE**, Defendant Medical Mutual prays that judgment be granted in its favor

for the recovery of all medical expenses paid on behalf of Plaintiff Sheila Collopy.

Respectfully submitted,

*/s/ Kelly C. Bokoch*
Kelly C. Bokoch (#0086525)
Patrick A. Walsh (#0101589)
kbokoch@frantzward.com
pwalsh@frantzward.com
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
216-515-1660
216-515-1650 – Fax

*Attorneys for Defendant Medical Mutual of Ohio*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on September 1, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Kelly C. Bokoch
One of the Attorneys for Medical Mutual of Ohio